UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKIA SANKOFA ASHANTI,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF CONSUMER AFFAIRS, et al.,<br><br>Respondents. | No. 2:25-cv-00162-DAD-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this action, which was referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's petition for writ of mandamus is legally deficient and will grant Plaintiff leave to file an amended complaint. The Court will also defer ruling on Plaintiff's Motion for Summary Judgment (ECF No. 4) as the motion is premature because the complaint has not passed screening and no defendants have appeared.

I. SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally

1

1 | "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks
2 | monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In
3 | reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil
4 | Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-
5 | policies/current-rules-practice-procedure/federal-rules-civil-procedure.

6 | Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and
7 | plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
8 | court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
9 | to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
10 | sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.
11 | Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in
12 | the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
13 | Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

14 | A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
15 | *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
16 | court will (1) accept as true all of the factual allegations contained in the complaint, unless they
17 | are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
18 | plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von*
19 | *Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert.*
20 | *denied*, 564 U.S. 1037 (2011).

21 | The court applies the same rules of construction in determining whether the complaint
22 | states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court
23 | must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must
24 | construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
25 | less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the
26 | court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v.*
27 | *U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of
28 | a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

### B. The Petition

Plaintiff has styled his pleading as a "Petition for Writ of Mandamus" and names as defendants: 1) Department of Consumer Affairs ("DCA"); 2) Bureau of Security and Investigative Services; and 3) the Disciplinary Review Unit ("DRU"). ECF No. 1 at 6. Plaintiff asserts jurisdiction under the All Writs Act, 28 U.S.C. § 1651. *Id*. at 7. The three defendants that Plaintiff seeks to compel are alleged to be state agencies located in Sacramento, California. *Id*. at 6.

Plaintiff states that he was born in 1962 under the name Lorenzo Cunningham. ECF No. 1 at 8. In 1980, he was convicted of homicide and gun possession. *Id.* In 1988, he was convicted of rape. *Id.* In 1994, Plaintiff changed his name to Askia Ashanti. Plaintiff alleges that in 1996 he was convicted of driving a vehicle without consent/joyriding and received a three-strikes sentence of 25-years to life. *Id.* Plaintiff was released on this sentence in April 2022. *Id.*

In January 2024, Plaintiff enrolled in a course to become a security guard. *Id.* at 9. Upon completion of the course, Plaintiff alleges he applied to the three defendant State of California agencies for a "Security-Guard Card," but his application was rejected due to his criminal history. *Id.* at 10. Plaintiff contends this denial violates his due process rights. *Id.* Plaintiff further alleges the denial violates the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 13.

Plaintiff alleges he filed an appeal of the denial of the Security-Guard Card, and that a hearing was set to occur in Riverside, which is closer to Plaintiff's home in Los Angeles. *Id.* Plaintiff alleges transportation difficulties, but also states he is not required to appear in person

3

and may submit documentation. Plaintiff alleges futility of exhausting his state administrative remedies. *Id.* at 13-14. Plaintiff requests relief in the form of a declaration that he has stated a claim and injunctive relief ordering the three state agency defendants to issue him a security guard card. *Id.* at 14.

Plaintiff attaches approximately 80 pages of exhibits to his Petition. Some of these documents pertain to the state administrative proceedings. For example, one document shows that a hearing was scheduled on October 11, 2024, in Riverside for review of the denial of his request for security guard registration. ECF No. 1 at 20. There is also a letter dated April 29, 2024, from the Department of Consumer Affairs Bureau of Security and Investigative Services denying Plaintiff's request for security guard registration due to his criminal history. *Id.* at 25.

C. <u>Analysis</u>

The complaint does not sufficiently plead a basis for federal jurisdiction. Plaintiff asserts jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651. ECF No. 1 at 7. "[T]he All Writs Act does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists." *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999). "Although 28 U.S.C. §1651 states that all courts established by Act of Congress 'may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law,' the federal courts lack subject matter jurisdiction to issue a writ of mandamus to a state agency or official." *Quintana v. Lermond*, 2024 WL 3416251, *2 (C.D. Cal. July 15, 2024) citing *Demos v. United States Dist. Court for the E. Dist. of Wash.*, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

Plaintiff has named as defendants three entities, all alleged to be State agencies. "The Eleventh Amendment of the United States Constitution prohibits federal courts from hearing suits brought by private citizens against state governments, without the state's consent." *Natural Resources Defense Council v. Cal. Dept. of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996). This immunity "extends to state agencies and to state officers, who act on behalf of the state and can therefore assert the state's sovereign immunity." *Id.* There is a limited exception to this immunity where the action is brought against a state officer alleging a violation of federal law and

seeking prospective injunctive relief. *Id*. at 422.

Plaintiff's complaint alleges that this Court may compel a state governmental agency to perform a specific duty, obligation, or responsibility, and cites to *Tri Coast Builders v. Fonnegra*, 15 Cal. 5th 766, 785 (Cal. 2024) and to California Code of Civil Procedure 1085. These authorities pertain to the authority of a <u>California state court</u> to issue a writ of mandate, they do not empower the federal court to direct a state agency, absent some other basis for federal jurisdiction. *See Hill v. County of Sacramento*, 466 Fed.Appx. 577 (9th Cir. 2012) ("Cal.Civ.Proc.Code § 1085 authorizes only state courts to issue writs of mandate."). It is unclear why Plaintiff chose to pursue this action in federal, rather than state court.

Accordingly, the complaint does not establish this court's jurisdiction, does not comply with Rule 8, and fails to state a claim on which relief may be granted. However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar*, 698 F.3d at 1212 (9th Cir. 2012). Given the defects outlined above concerning subject matter jurisdiction and sovereign immunity, it appears that amendment would likely be futile. However, rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the defendants to guess at what is

being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named defendant.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff believes the denial of the security guard card violated equal protection and due process. To the extent that Plaintiff seeks to maintain a claim under 42 U.S.C. § 1983 instead of the All Writs Act, he must plead facts showing that (1) the defendants acting under color of state law (2) deprived him of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Even if Plaintiff were to allege a § 1983 claim, he would still face the hurdle that state agencies are entitled to Eleventh Amendment immunity. *See Munoz v. Superior Ct. of L.A. County*, 91 F.4th 977, 980 (9th Cir. 2024). However, Plaintiff can sue state officials in their official capacities for prospective (i.e., future) injunctive relief) and in their personal capacities for damages.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. The amended complaint must include a sufficient jurisdictional statement and comply with Rule 8. If Plaintiff fails to timely

comply with this order, the undersigned may recommend that this action be dismissed.

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: May 15, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE