UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASKIA SANKOFA ASHANTI,

        Plaintiff,

      v.

DEPARTMENT OF CONSUMER
AFFAIRS, et al.,

        Defendants.

No.  2:25-cv-00162-DAD-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"), which was granted.  ECF No. 6.  The Court issued a screening order pursuant to 28 U.S.C. § 1915, and concluded that Plaintiff's complaint was legally deficient but allowed Plaintiff the opportunity to amend.  *Id*.  Plaintiff filed a First Amended Complaint (FAC) (ECF No. 7), which the Court finds states one cognizable claim.

## I.  SCREENING

### A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In

1

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

2

678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

        B.     The FAC

Plaintiff's FAC is 18 pages in length, but includes over 80 pages of other documents. Plaintiff names as defendants: 1) Kimberly Kirchmeyer, the Director of the Department of Consumer Affairs; 2) Lynne Jensen, the Chief of the Bureau of Security and Investigative Services; and 3) Joey Hunter, a member of the Disciplinary Review Unit.  ECF No. 7 at 2-3. Plaintiff asserts jurisdiction under 42 U.S.C. § 1983.  *Id*. at 3.

Plaintiff states that he was born in 1962 under the name Lorenzo Cunningham.  ECF No. 7 at 11.  In 1980, he was convicted of homicide and gun possession.  *Id.*  In 1988, he was convicted of rape.  *Id.*  In 1994, Plaintiff changed his name to Askia Ashanti.  *Id.*  In 1996, he was convicted of driving a vehicle without consent (i.e., "joyriding") and received a three-strikes sentence of 25-years to life.  *Id.*  Plaintiff was released from prison in April 2022.  *Id.*

Plaintiff's first count alleges that Defendants violated due process by denying him a security guard card.  ECF No. 7 at 12.  Plaintiff claims he was denied a security guard card "solely" due to his criminal background.  *Id.* at 13.  Plaintiff alleges this denial "presumably [was] on a case-by-case basis" and he was asked to show rehabilitation.  *Id.*  Plaintiff contends when his sentence was reduced in 2022 after serving 27 years, he was released from custody with no parole or probation.  *Id.*  Plaintiff also notes that he completed several educational certificates while incarcerated and attended social development programs.  *Id.*

Plaintiff's second claim alleges the denial of the security guard card violates equal protection.  *Id*. at 14.  Plaintiff repeats many of the same allegations as his due process count, and states he is fully redeemed and has committed no acts of criminality in last three years.  *Id*. at 15-16.

Plaintiff seeks an order directing Defendants to issue him a security guard card, so that he can undertake a "Consultation and Security Services" business.  He also requests $15 million in damages.  *Id*. at 17.

The attachments to Plaintiff's FAC shed some light on the administrative process that led to this lawsuit.  Plaintiff's complete "security guard registration application" was received by BSIS on February 20, 2024.  *Id*. at 31.  On April 29, 2024, BSIS issued Plaintiff a Notice of Denial of Security Guard Registration.  BSIS stated it "must deny your registration as a security guard because of the following crime(s) which is/are substantially related to the qualifications, functions, or duties of a security guard[,]" and then listed Plaintiff's homicide and rape convictions.  BSIS also stated that it "considered whether there was a showing of rehabilitation" after Plaintiff's homicide and rape convictions, but did not find such a showing "based in part on evidence of your conviction(s) and/or pending charges for the following crimes(s)," and then listed Plaintiff's conviction for forcible penetration (Penal Code § 289)—which was entered with his rape conviction in 1988—and his later conviction for joyriding.  *Id*.

On May 5, 2024, Plaintiff requested review of this decision by a Private Security Disciplinary Review Committee ("DRC") and submitted information showing rehabilitation.  *Id*. at 34.  That information included a typed explanation of the educational opportunities and social and rehabilitative programming he pursued while incarcerated, as well as supporting exhibits.  *Id*. at 35-40.  Plaintiff noted that he imminently intended to start a business "pertaining to Consultant and Security services in which the ('Security Guard Card') is important for personal Security Services domestically and globally," with reference to Plaintiff's passport.

BSIS scheduled Plaintiff's review by the DRC for October 11, 2024 in Riverside, California.  *Id*. at 26.  It is not clear whether Plaintiff attended his DRC review.  However, it appears Plaintiff did not attend that review, as on October 7, 2024, he submitted a "Notice of Legal Action" that requested a "hearing" be rescheduled or, in the alternative, that Plaintiff's written statements be considered by the DRC.  *Id*. at 24; *see also id*. at 16 (noting lack of transportation for that review).  The DRC review notice that BSIS sent to Plaintiff did indicate that Plaintiff could submit written testimony in lieu of attending the review in person.  *Id*. at 28.  It is not clear whether the DRC considered Plaintiff's October 7, 2024 notice and earlier written submission (from May 5, 2025) as his testimony and, if so, what the outcome was of DRC's review.

4

C.       Analysis

Plaintiff has cured one of the deficiencies identified in the prior screening order.  Plaintiff now pleads a jurisdictional basis, 42 U.S.C. § 1983.  Plaintiff has also amended his complaint to now name an individual at each of the three state agencies, rather than naming the State agencies as Defendants.  "The Eleventh Amendment of the United States Constitution prohibits federal courts from hearing suits brought by private citizens against state governments, without the state's consent." *Natural Resources Defense Council v. Cal. Dept. of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996).  This immunity "extends to state agencies and to state officers, who act on behalf of the state and can therefore assert the state's sovereign immunity." *Id.*  There is a limited exception to this immunity where the action is brought against a state officer alleging a violation of federal law and seeking prospective injunctive relief. *Id*. at 422.  To the extent Plaintiff is requesting this Court order the issuance of a security guard card, he appears to be seeking prospective injunctive relief.

For screening purposes only, Plaintiff's FAC states a claim.  The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law[.]"  Due process claims can allege a violation of substantive or procedural due process.  "Substantive due process 'forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with the rights implicit in the concept of ordered liberty.'" *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009).  "[T]he liberty component of the Fourteenth Amendment's Due Process Clause includes some generalized due process right to choose one's field of private employment, but a right which is nevertheless subject to reasonable government regulation." *Conn v. Gabbert*, 526 U.S. 286 (1999).  "Although the precise contours of that liberty interest remain largely undefined … the line of authorities establishing the liberty interest 'all deal[t] with a complete prohibition of the right to engage in a calling,' and not merely a 'brief interruption' in one's ability to pursue an occupation or profession." *Dittman v. California*, 191 F.3d 1010, 1029 (9th Cir. 1999) (quoting *Conn*, 526 U.S. at 292).

/////

Plaintiff sufficiently alleges that the denial of his request for security guard registration is the type of "complete prohibition" that implicates his liberty interest in working as a security guard. However, that is merely the beginning of the substantive due process inquiry. Plaintiff must also plausibly show that the denial of his request for registration was not rationally connected to his fitness or capacity to serve as a security guard. *See Dittman*, 191 F.3d at 1030 ("[A]lthough a state may regulate entry into a profession, any such regulation must be rationally related, not merely to a legitimate state interest, but more specifically to the 'the applicant's fitness or capacity to practice' the profession itself.").

For screening purposes only, the Court finds that Plaintiff has alleged facts showing such rational relation may be lacking. The FAC and attached materials show that Plaintiff was denied security guard registration based on the BSIS concluding that Plaintiff had not made a "showing of rehabilitation based in part on evidence of [Plaintiff's] convictions" for forcible penetration in 1988 and joyriding in 1996.[1] ECF No. 7 at 31. While courts have generally recognized serious criminal convictions to be a rational basis for denying a professional license, in the case of extremely old convictions it may be necessary for an agency to weigh such convictions against rehabilitation and other factors. The FAC and attached materials show meaningful rehabilitation by Plaintiff, both during his lengthy period of incarceration and after release from that period of incarceration. Indeed, his resentencing in 2022, which resulted in his immediate release from prison without further supervision, was accomplished pursuant to California Penal Code § 1170.03(a)(1). His resentencing was predicated on a recommendation from the District Attorney and necessarily involved the court evaluating Plaintiff's "record of rehabilitation," among other factors. ECF No. 7 at 52, 54-55; Pen. Code § 1170.03(a)(5). It is not clear whether BSIS considered this information. The Court finds that Plaintiff's substantive due process claim can proceed.

/////

---

[1] It is not clear that there is a rational position behind BSIS's position that Plaintiff's conviction for forcible penetration in 1988 is relevant to whether he had shown rehabilitation from his rape conviction that same year.

6

Plaintiff has failed to state a claim as to his other constitutional causes of action. "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). "As a general matter, a person may have a constitutionally protected [] interest in a government benefit, such as a license or permit." *Leen v. Thomas*, 611 F.Supp.3d 955, 961 (E.D. Cal. 2020). While Plaintiff has alleged a protected liberty interest in security guard registration for the reasons explained above, he has not adequately alleged the denial of adequate procedural protections. Plaintiff pleads that he applied, his case was considered on a case-by-case basis, he was given a reason for denial, and an opportunity to seek administrative review of the decision.

The Court also finds that Plaintiff fails to state an equal protection claim. "The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, *Inc.*, 473 U.S. 432, 439 (1985). Generally, to state an equal protection claim "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The Supreme Court has also "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's FAC does not allege that he is a member of a protected class. Instead, he appears to argue that he was denied the security guard card due to his criminal history. Plaintiff does not allege that he was treated differently than others similarly situated and that there was not a rational basis for such treatment. The similarly-situated requirement is enforced with "particular strictness when the plaintiff invokes a class-of-one theory." *Leen*, 611 F.Supp.3d at 965, citing *Warkentine v. Soria*, 152 F.Supp.3d 1269, 1294 (E.D. Cal. 2016).

/////

7

Plaintiff will be given a choice whether to proceed under the FAC—in which case the sole surviving claim for relief would be under the substantive due process claim, and Plaintiff's procedural due process and equal protection claims would be voluntarily dismissed—or to file a Second Amended Complaint in order to allege additional facts concerning procedural due process and equal protection.  Plaintiff may be able to plead additional facts showing what procedural protections he was allegedly denied and additional facts in support of an equal protection claim. Within 30 days, Plaintiff shall file either (1) a notice indicating that he wishes to proceed on the substantive due process claim in the FAC and voluntarily dismiss his procedural due process and equal protection claims, or (2) a Second Amended Complaint, in accordance with the instructions below.  If Plaintiff indicates that he wishes to proceed on the substantive due process claim in the FAC and voluntarily dismiss his procedural due process and equal protection claims, the Court will then order the FAC served on Defendants.  If Plaintiff files a Second Amended Complaint, the Court will screen it in due course.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint shall be clearly labeled as the Second Amended Complaint.  In addition, it must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of each named defendant.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein, and in particular the failure to state a claim for his alleged due process and equal protection violations.

III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that, within **30 days**, Plaintiff shall either:

1. File a notice indicating that he wishes to proceed on the substantive due process claim in the FAC and voluntarily dismiss his procedural due process and equal protection claims; or

2. File a Second Amended Complaint.

SO ORDERED.

DATED: February 26, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE